

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: | | No. 08-16-00275-CV |
| | § | |
| MIDLAND FUNDING, LLC, | | AN ORIGINAL PROCEEDING |
| | § | |
| RELATOR. | | IN MANDAMUS |
| | § | |

## **O P I N I O N**

Midland Funding, LLC, has filed a petition for writ of mandamus against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, to compel him to dismiss a case styled *Midland Funding LLC v. Maria Romero,* cause number 2015DCV1187. We conditionally grant mandamus relief.

## **FACTUAL SUMMARY**

Midland Funding sued the *pro se* defendant, Maria Romero, on an unpaid credit card account. The parties settled the case, and Midland Funding filed a motion for continuance in August 2015. Respondent set the case for an entry of judgment hearing on September 24, 2015 and again on October 8, 2015, and for status hearings on November 12, 2015 and on January 7, 2016. On January 11, 2016, Respondent entered an order setting the case for a bench trial on February 4, 2016. The attorneys for Midland Funding did not appear for the bench trial and

Respondent began contempt proceedings against one of the attorneys, Kristy Gabrielova.[1] Midland Funding filed a motion to dismiss and notice of non-suit the following day, February 5, 2016. Even though Midland Funding had non-suited the case, Respondent set the underlying case for a status hearing on September 22, 2016. When Gabrielova did not appear for the status hearing, Respondent issued a show cause order requiring her to appear on October 13, 2016. Relator filed a mandamus petition asking the Court to compel Respondent to dismiss the underlying case.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only if the relator shows: (1) the trial court abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 462 (Tex. 2008)(orig. proceeding); *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Management, L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

## PLAINTIFF'S RIGHT TO NON-SUIT

Rule 162 provides that "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX.R.CIV.P. 162. A party has an unqualified and absolute right to file a non-suit. *See Travelers Insurance Company v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *In re Greater Houston Orthopedic Specialists, Inc.*, 295 S.W.3d 323, 324 (Tex. 2009); *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008); TEX.R.CIV.P. 162. A non-suit

---

[1] Gabrielova filed a mandamus petition to challenge Respondent's actions in the contempt proceeding. *In re Kristy Gabrielova, Relator*, No. 08-16-0276-CR. On the same date as the opinion in this case, the Court issued an opinion and judgment conditionally granting Gabrielova's petition.

extinguishes a case from the moment the motion is filed or an oral motion is made in open court, and it renders the merits of the non-suited case moot. *Joachim*, 315 S.W.3d at 862. A trial court generally has no discretion to refuse to dismiss the suit, and its order dismissing the case is ministerial. *University of Texas Medical Branch at Galveston v. Estate of Blackmon ex rel. Schultz*, 195 S.W.3d 98, 100 (Tex. 2006); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997). The entry of the dismissal order is significant because the date of the dismissal order is the starting point for determining when a trial court's plenary power expires. *University of Texas Medical Branch at Galveston*, 195 S.W.3d at 100; *In re Bennett*, 960 S.W.2d at 38; TEX.R.CIV.P. 329b.

A dismissal under Rule 162 does not have any effect on a motion for sanctions, attorney's fees, or other costs pending at the time of the dismissal. TEX.R.CIV.P. 162. Rule 162 permits the trial court to hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power. *In re Bennett*, 960 S.W.2d at 38. Further, the trial court has discretion to defer signing an order of dismissal so that it can "allow a reasonable amount of time" for holding hearings on these matters which are "collateral to the merits of the underlying case." *University of Texas Medical Branch at Galveston*, 195 S.W.3d at 101, *quoting In re Bennett*, 960 S.W.2d at 38-39. Although Rule 162 permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. *Travelers Insurance Co.*, 315 S.W.3d at 862-63.

The mandamus record reflects that Romero did not make any claim for affirmative relief. Consequently, the non-suit effectively terminated the case on February 5, 2016 and rendered the merits of the case moot. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). There is nothing to indicate that a pending motion for sanctions or that any issues regarding attorney's

fees or costs remain pending in the trial court. A trial court's inherent authority to hold an attorney in contempt of court for disobedience of an order would not cease to exist upon expiration of the court's plenary power in the case. Consequently, there are no collateral matters which must be resolved while Respondent has plenary power. We conclude that Respondent has a ministerial duty to issue an order dismissing the case.

Because Relator has shown that it is entitled to mandamus relief, we conditionally grant mandamus relief and order Respondent to dismiss *Midland Funding LLC v. Maria Romero,* cause number 2015DCV1187. The writ will issue only if Respondent fails to comply.


December 20, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.