# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00187-CV

**Daughters of Charity Health Services of Austin d/b/a Seton Healthcare Network, Appellant**

**v.**

**Janet Carroll, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-07-001367, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Janet Carroll has filed a motion to dismiss this interlocutory appeal because she has nonsuited her claims in the trial court against appellant Daughters of Charity Health Services of Austin, d/b/a Seton Healthcare Network ("Seton"). We grant the motion and dismiss this appeal.

Carroll filed a negligence suit against Seton for injuries she alleges resulted from her medical treatment at a hospital managed by Seton. Carroll later amended her petition to add claims against various healthcare workers who she alleges treated her. Seton filed a motion to dismiss the claims against the healthcare workers pursuant to Texas Civil Practice and Remedies Code section 101.106 (West 2005). The trial court denied the motion, and Seton filed this interlocutory appeal.[1]

---

[1] Seton alleges that this Court has jurisdiction over this interlocutory appeal because the events alleged occurred in a hospital Seton manages for a hospital district, entitling it to the defenses of governmental entities and their employees, including the right to interlocutory appeal of orders

Carroll thereafter nonsuited her claims against Seton. Her claims against the healthcare workers remain pending.[2] Carroll moves to dismiss this appeal, contending that the nonsuit of her claims against Seton in the trial court rendered this appeal moot because there is no suit pending between these parties. Seton opposes the dismissal of this appeal, arguing that a justiciable controversy remains regarding the subject of the motion at issue—whether Carroll can continue to pursue her claims against the healthcare workers despite having first sued Seton.[3]

The supreme court has held that the nonsuit of all claims in the trial court between the parties to an interlocutory appeal deprives the appellate court of jurisdiction over the appeal. *See University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). This case is somewhat unusual in that the parties on whose behalf Seton's motion to dismiss in the trial court was filed were not Seton,[4] and claims currently remain pending against them in the underlying case even though Seton has been nonsuited. There is no basis under existing law for this court to exercise jurisdiction over an interlocutory appeal of the denial of a motion to dismiss

---

denying summary judgment motions based on assertions of immunity by individuals or pleas to the jurisdiction by governmental entities. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008); Tex. Health & Safety Code Ann. §§ 285.071-.072 (West Supp. 2008).

[2] The healthcare workers and the claims against them are before this Court in the workers' separate appeal of the trial court's denial of the workers' motion to dismiss the claims against them based on the alleged inadequacy of Carroll's expert reports. *See Hayes v. Carroll*, No. 03-08-00217-CV.

[3] We note that Seton was a party to this cause only by virtue of the claims filed by Carroll. Those claims have been nonsuited. Therefore, Seton is no longer a party. Whether Seton could become a party by other means is not before us.

[4] This anomaly is consistent with the practice defined by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2005).

when the movant is no longer a party in the underlying case.  We offer no opinion on the merits of the appeal or the effect, if any, of the nonsuit or the dismissal of this appeal on the parties and claims currently pending in the underlying suit.

This appeal is dismissed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed on Appellee's Motion

Filed:   November 21, 2008

3