

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00393-CV

**JASON STUBBS,**

                                                     **Appellant**

 **v.**

**JULIANNE STUBBS,**

                                                     **Appellee**

From the 378th District Court
Ellis County, Texas
Trial Court No. 81106-D

## MEMORANDUM OPINION

Jason Stubbs appeals from a judgment that awarded his ex-spouse, Julianne Stubbs, a judgment for damages pursuant to an indemnity clause in their divorce decree. Stubbs complains that the evidence was legally insufficient to support the judgment because the claim for indemnification did not accrue. Because we find no reversible error, we affirm the judgment of the trial court.

*Factual background*

Jason and Julianne's final decree of divorce awarded Jason the full interest in two business entities, including all liabilities of those businesses. Jason was also ordered to pay Julianne $100,000 in monthly installments for ten years for her interest in the businesses which was secured by a lien against the stock and assets of the businesses. The final decree also contained an indemnification provision.

Three days after the entry of the final judgment, one of the business entities and Julianne were sued by American Express for failure to pay an outstanding balance. Julianne retained an attorney to defend her against the lawsuit, which was nonsuited shortly after it was filed. In between the lawsuit filing and nonsuit, Jason filed bankruptcy for the two businesses.

Julianne filed a motion to enforce the indemnification provision of the divorce decree seeking a judgment for the attorney's fees she paid to defend the American Express lawsuit as well as a judgment for the installments that had become due but were unpaid by Jason for Julianne's interest in the business. After a hearing, the trial court entered a judgment in favor of Julianne for the attorney's fees she had paid and for the unpaid installments. Jason does not complain on appeal regarding the judgment for the unpaid installments.

In his sole issue Jason does complain that the trial court erred by granting judgment for the attorney's fees paid by Julianne in defending the American Express

suit because there was no fixed liability determined in that lawsuit due to the nonsuit. Because of that, Jason argues that the suit for indemnification had not yet accrued, and the trial court erred by finding him liable to Julianne for the attorney's fees she paid in defending the American Express suit.

*Indemnification provision*

The indemnification provision in Jason and Julianne's divorce decree states:

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted

against either party that might constitute the basis of a claim for indemnity under this decree.

The parties agree that the indemnification provision in question is an agreement to indemnify against liability, rather than damages. *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.3d 203, 207 (Tex. 1999). As such, "a claim under a liability indemnification clause does not accrue, and thus is not mature, until the indemnitee's liability to the party seeking damages becomes fixed and certain." *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex. 1999).

Jason contends the claim for indemnification did not accrue upon the nonsuit because in the absence of a judgment Julianne's liability to American Express did not become fixed and certain. We note that a nonsuit "extinguishes a case or controversy from 'the moment the motion is filed' or an oral motion is made in open court; the only requirement is 'the mere filing of the motion with the clerk of the court.'" *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quoting *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam)). It renders the merits of the nonsuited case moot. *Shultz*, 195 S.W.3d at 101 ("Although [Rule 162] permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot."). No court has squarely addressed the issue of whether an indemnity claim accrues after a nonsuit. We do not believe that the accrual rule should be interpreted so as to indefinitely deny a party the right to enforce an indemnity

agreement due to a nonsuit.

The indemnification provision in Jason and Julianne's divorce decree provides that if a claim or proceeding is brought against the person not assuming a debt, in this case Julianne, the other party will indemnify her from all damages resulting from the claim regardless of whether or not the claim was well-founded. The filing of the nonsuit terminated the claim against Julianne and at that time fixed her damages as a result of the claim, which was the amount of the attorney's fees Julianne paid. We find that based on the language of the indemnity provision the trial court did not err by awarding Julianne the amount she had expended for attorney's fees as damages. We overrule Jason's sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Judge Yelenosky[1]
Affirmed
Opinion delivered and filed August 14, 2014
[CV06]

---

[1] The Honorable Stephen Yelenosky, Judge of the 345th District Court of Travis County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).