**Opinion issued March 26, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00185-CV

————————————

**RAILROAD COMMISSION OF TEXAS, STEPHEN F. AUSTIN STATE UNIVERSITY, TEXAS A&M UNIVERSITY, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, TEXAS DEPARTMENT OF TRANSPORTATION, TEXAS GENERAL LAND OFFICE, TEXAS SOUTHERN UNIVERSITY, TEXAS STATE UNIVERSITY SYSTEM, UNIVERSITY OF HOUSTON, AND THE UNIVERSITY OF TEXAS SYSTEM, Appellants**

**V.**

**USOR SITE PRP GROUP, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-66641**

---

## MEMORANDUM OPINION

1

Appellee, USOR Site PRP Group, has filed an unopposed "Motion to Dismiss Appeal for Lack of Jurisdiction." Appellee asks this Court to dismiss the pending appeal for want of jurisdiction due to the absence of a case or controversy.

"At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162. On March 11, 2020, appellee nonsuited all of its claims against the defendants/appellants, Railroad Commission of Texas, Stephen F. Austin State University, Texas A&M University, Texas Department of Criminal Justice, Texas Department of Transportation, Texas General Land Office, Texas Southern University, Texas State University System, University of Houston, and The University of Texas System. Appellee filed its nonsuit while this matter is pending on interlocutory appeal from defendants/appellants' pretrial plea to the jurisdiction. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (holding that plaintiff's nonsuit of claims against defendant asserting sovereign immunity was effective upon filing and mooted case or controversy between parties, even though nonsuit was taken after defendant had filed interlocutory appeal). When, as here, "a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost." *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011). Because appellee has nonsuited all of its claims against all the

defendants/appellants, there is no live controversy for this Court to decide, and we therefore lack jurisdiction over the pending interlocutory appeal. *See Shultz*, 195 S.W.3d at 100–01.

Accordingly, we grant the unopposed motion to dismiss and we dismiss the interlocutory appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Hightower.