# NO. 12-20-00231-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *STEVE ROBENALT,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

On October 5, 2020, Steve Robenalt filed this original proceeding to challenge Respondent's[1] order granting the motion to dismiss Robenalt's "motion for sanctions" pursuant to the Texas Citizens Participation Act (TCPA), filed by Real Parties in Interest, Raymond and Mary Jett.[2] However, on November 24, Robenalt filed a notice of nonsuit, which stated that Robenalt no longer desired to pursue claims against the Jetts. On November 30, Respondent signed an order granting the nonsuit, releasing the Jetts from all claims brought by Robenalt, and dismissing the case without prejudice.

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. TEX. R. CIV. P. 162. A nonsuit is effective when filed and extinguishes a case or controversy from the moment of filing or an oral motion made in open court. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per

---

[1] Respondent is the Honorable Nancy Adams Perryman, Judge of the County Court at Law No. 2 in Henderson County, Texas.

[2] Robenalt sued the Jetts for breach of contract and specific performance arising out of a dispute over making repairs to the parties' shared boathouse. In his response to the Jetts' motions to dismiss for lack of jurisdiction and to abate, Robenalt sought reimbursement of attorney's fees under Section 9.012 of the Texas Civil Practice and Remedies Code. The Jetts subsequently filed a motion to dismiss Robenalt's "motion for sanctions" pursuant to the TCPA. Robenalt, however, amended his response to drop the request for attorney's fees. Despite this amendment, Respondent granted the Jett's TCPA motion to dismiss in part and granted attorney's fees to the Jetts in the amount of $3,500.

curiam).  A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings.  *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding).  Because Robenalt filed a notice of nonsuit and the case has been dismissed, we conclude that this original proceeding is now moot.  *See In re True Health Diagnostics, L.L.C.,* No. 05-15-00685-CV, 2015 WL 3768734, at *1 (Tex. App.—Dallas June 17, 2015, orig. proceeding) (mem. op.) ("As a result of the non-suit of the proceeding underlying this petition for writ of mandamus, the petition for writ of mandamus is now moot"); *see also In re Bullard*, No. 12-11-00399-CV, 2012 WL 760318, at *1 (Tex. App.—Tyler Mar. 7, 2012, orig. proceeding) (mem. op.) (per curiam) (dismissing mandamus proceeding after filing of nonsuit). For this reason, we *dismiss* the petition for writ of mandamus as moot.

Opinion delivered December 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 16, 2020

NO. 12-20-00231-CV

**STEVE ROBENALT,**
Relator
V.

**HON. NANCY ADAMS PERRYMAN,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Steve Robenalt; who is the relator in appellate cause number 12-20-00231-CV and the plaintiff in trial court cause number 00092-CCL2-20, previously on the docket of the County Court at Law No. 2 of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on October 5, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed as moot**.

By *per curiam* opinion
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*