

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00386-CV

Greg **ABBOTT**, in His Official Capacity as Governor of Texas,
Appellant

v.

**CITY OF LAREDO** and United Independent School District,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2021-CVK-001517-D1
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
            Beth Watkins, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: February 2, 2022

UNOPPOSED MOTION TO DISMISS GRANTED, APPEAL DISMISSED

On September 8, 2021, the trial court granted appellees' request for a temporary injunction and denied appellant's plea to the jurisdiction. The next day, appellant filed this interlocutory appeal. Before the notice of appeal was filed, the United Independent School District filed a nonsuit of its claims on October 2, 2021 and the trial court signed an order of nonsuit on October 26, 2021. After the notice of appeal was filed, the City of Laredo filed its nonsuit on November 2, 2021 and the trial court signed an order of nonsuit on November 4, 2021. On January 21, 2022, appellant filed an unopposed motion to dismiss this appeal for lack of jurisdiction. Appellant

asserts the trial court's order denying his plea to the jurisdiction and granting appellees' application for a temporary injunction are vitiated and this appeal is now moot based on the nonsuit of claims. Appellant asks this court to grant his motion to dismiss, vacate the trial court's orders, and dismiss this appeal. Appellant's certificate of conference states appellees are not opposed to the requested relief.

A plaintiff may take a nonsuit at any time before it has introduced all its evidence other than rebuttal evidence. *See* TEX. R. CIV. P. 162. "If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost." *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011); *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (noting nonsuit "renders the merits of the nonsuited case moot"). A nonsuit is effective when filed and extinguishes a case or controversy from the moment of filing or an oral motion made in open court. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

Because the nonsuit of the underlying claims moots the issues raised in this interlocutory appeal with respect to those claims, we grant appellant's motion to dismiss, vacate the trial court's temporary injunction and order denying appellant's plea to the jurisdiction, and dismiss this appeal for want of jurisdiction.

PER CURIAM