

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00017-CV

Wolfgang P. Hirczy **DE MINO**, Ph.D.,
Appellant

v.

Felipe N. **GOMEZ**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI19920
Honorable Cathy Stryker, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Patricia O. Alvarez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: February 16, 2022

DISMISSED FOR LACK OF JURISDICTION

Appellee moves to dismiss this appeal for lack of jurisdiction. We grant the motion and dismiss this appeal.

On September 20, 2021, appellee filed a petition against Dr. Alan Braid (1) alleging Dr. Braid performed an abortion in Texas and (2) seeking to have the trial court declare Section 171.208 of the Texas Civil Practice and Remedies Code (colloquially called "SB8") declared unconstitutional and "illegal as written and as applied until *Roe v. Wade* is reversed or modified." By subsequent amendments, appellee added numerous parties—including appellant.

On October 11, 2021, appellant filed a plea to the jurisdiction in which appellant argued appellee "has no standing to assert a viable claim" against Dr. Braid or appellant. The plea asserted additional bases for a lack of jurisdiction, requiring entry of an involuntary dismissal for lack of subject matter jurisdiction.

On December 8, 2021, appellee filed a "Notice of Nonsuit without Prejudice as to All Defendants." On December 20, 2021, appellee filed an "Amended Notice of Nonsuit, Amending to Dismiss WITH Prejudice as to All Defendants." The trial court did not enter an order on either nonsuit. Appellant subsequently filed a "response," "objections," and a "motion to alter the judgment of dismissal and request for additional post-judgment relief."

On January 6, 2022, appellant filed his notice of appeal. On January 24, 2022, appellee filed a motion styled "Gomez Motion to Dismiss Appeal, *Instanter*, for Lack of Standing and Lack of Order or Judgment Below to Appeal." In substance, appellee's motion argues this appeal should be dismissed because there is no order or judgment entered below and because appellant lacks standing. On January 26, 2022, we issued an order authorizing appellant to file a response to appellee's motion to dismiss no later than February 7, 2022. On February 3, 2022, appellant filed a response.

"The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (emphasis in original) (quoting *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990)). A plaintiff may take a nonsuit at any time before it has introduced all its evidence other than rebuttal evidence. *See* TEX. R. CIV. P. 162. "If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost." *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011); *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (noting nonsuit "renders the merits of the nonsuited case moot"). A

nonsuit is effective when filed and extinguishes a case or controversy from the moment of filing or an oral motion made in open court. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

Here, appellee nonsuited his claims before any defendant entered a general appearance in the trial court. Thus, appellee's timely nonsuit extinguished the only claim brought in the trial court, the trial court lost jurisdiction over appellee's entire case from the moment of the nonsuit's filing, and we have no jurisdiction over this appeal. *See Morath*, 601 S.W.3d at 788 (holding nonsuit mooted entire case, depriving appellate courts of jurisdiction). Accordingly, we grant appellee's motion to dismiss and dismiss this appeal for want of jurisdiction.

PER CURIAM