**Affirmed and Memorandum Opinion filed September 1, 2022.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00036-CV

**ANGELICA MARIA REYES, Appellant**

**V.**

**AZAEL PATRICK FRAGA, Appellee**

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2011-61532**

## MEMORANDUM OPINION

Appellant Angelica Maria Reyes (Grandmother) filed a suit to modify the parent-child relationship requesting managing conservatorship of two children of appellant Azael Patrick Fraga (Father) as well as for grandparent access requesting possession of or access to the children. *See* Tex. Fam. Code Ann. §§ 102.004(a) (conferring standing on grandparent), 153.433(a) (authorizing court to order reasonable possession or access to grandchild), 109.002 (authorizing appellate review). In his answer to Grandmother's petition, Father requested attorney's fees

on the grounds that Grandmother's suit was "filed frivolously or is designed to harass" Father. In November 2020, Grandmother filed a "motion for non-suit." The trial court signed an order dismissing Grandmother's claims on November 13, 2020. The trial court held a trial on Father's request for attorney's fees in December 2020 and signed a final order awarding Father $10,000 in attorney's fees on January 8, 2021. In two issues, Grandmother challenges the trial court's order, arguing (1) the order is void because the trial court's plenary power had expired at the time it signed the order and (2) the trial court awarded attorney's fees on an improper basis.

## I. ANALYSIS

### A. Plenary power

In issue 1, Grandmother argues the order awarding attorney's fees is void because the trial court no longer had plenary power at the time it signed the final order in January 2021. "The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d). If the trial court does not take any action described in Rule 329b(d), and no motion for new trial or to modify, correct, or reform the judgment is filed within 30 days of the signing of the trial court's judgment, the trial court loses its plenary power once thirty days have elapsed after the judgment or other order complained of was signed. *See* Tex. R. Civ. P. 329b. Here, Grandmother argues the trial court lost its plenary power 31 days after it signed the November 2020 order granting Grandmother's "motion for non-suit" and dismissing Grandmother's claims, because those were the only claims before the trial court. Therefore, according to Grandmother, the trial court's January 2021 order is void.

Texas Rule of Civil Procedure 162 provides that a plaintiff may take a

non-suit at any time before introducing all of her evidence other than rebuttal evidence. Tex. R. Civ. P. 162. Rule 162 also provides, however, that a non-suit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id.* Here, Father requested attorney's fees in his answer on the basis that Grandmother's suit was "filed frivolously or is designed to harass" Father. Grandmother does not argue that this pleading is not sufficient to give notice of a claim for attorney's fees[1]; instead, Grandmother argues that, because the request was asserted in an answer as opposed to a counterclaim, the request did not survive Grandmother's non-suit. However, "Texas courts have held that an affirmative claim, stated in an answer, for recovery of attorney's fees for preparation and prosecution of a defense constitutes a counterclaim, and as such, survives a nonsuit." *Kelsall v. Haisten*, 564 S.W.3d 157, 163 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quotations omitted) (collecting cases).[2]

Because Father's claim for attorney's fees was an affirmative claim for relief that was pending at the time the trial court signed the order that noted the non-suit of Grandmother's case, we conclude the trial court's plenary power did not expire 31 days after it signed an order noting the non-suit of Grandmother's case. *See* Tex. R. Civ. P. 162; *Kelsall*, 564 S.W.3d at 163. Accordingly, the trial court's January 2021 order awarding Father attorney's fees is not void due to expiration of

[1] *Cf. Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 575 (Tex. App.—Houston [14th Dist.] 1983) (plaintiff need only plead facts which entitle him to recovery of attorney's fees and need not also specifically plead legal authority entitling him to recovery of attorney's fees), *aff'd in part, rev'd in part on other grounds*, 704 S.W.2d 742 (Tex. 1986).

[2] Grandmother argues the supreme court's decision in *University of Texas Medical Branch at Galveston v. Estate of Blackmon ex rel. Shultz* compels a different result. *UTMB*, 195 S.W.3d 98 (Tex. 2006). *UTMB*, however, does not address a claim for attorney's fees pleaded in an answer. Instead, the supreme court determined that a request for *costs* asserted in a plea to the jurisdiction, without more, did not survive a non-suit. *See id.* at 101 (explaining that UTMB "has not raised a claim for affirmative relief, but it did request costs in its plea to the jurisdiction"). Accordingly, *UTMB* is factually distinguishable and does not control the disposition of this appeal.

the trial court's plenary power.

We overrule issue 1.

## B. Basis for award of attorney's fees

In issue 2, Grandmother argues the trial court erred by awarding attorney's fees because Father pleaded his claim for fees on the basis that Grandmother's suit was "filed frivolously or is designed to harass" Father, and the trial court awarded fees on a different basis that Father did not plead. The trial court's order, however, does not state the basis for the fee award, and there are no findings of fact or conclusions of law in the record. Grandmother bases her argument on an unsigned docket entry stating in part that "[t]he court does not find that the suit was filed frivolously or designed to harass. However, the absence of that finding does not preclude the court from awarding Respondent a judgment for reasonabl[e] attorney's fees and expenses pursuant to TFC 106.002, whether Respondent is considered the 'prevailing party' or not."[3]

"A docket entry may supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial order." *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (citation omitted). Moreover, absent exceptional circumstances not present here, "[a]n appellate court may not consider docket entries since they are only made for the clerk's convenience and are usually unreliable." *Rush v. Barrios*, 56 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Our court has explained that it is "especially inappropriate" to consider docket entries as findings of fact when the trial court has not filed such findings. *Id.* at 96.

---

[3] Family Code section 106.002(a) provides, "In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney." Tex. Fam. Code Ann. § 106.002(a).

Accordingly, we do not consider the docket entry relied on by Grandmother in determining the basis for the trial court's award of attorney's fees. Because the "finding" in the docket entry is the sole basis on which Grandmother argues the trial court awarded fees on an improper basis, we overrule issue 2.

## II. CONCLUSION

Having overruled Grandmother's two issues, we affirm the trial court's final order as challenged on appeal.

/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.