

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00400-CV

**B & V LANDSCAPING**,
Appellant

v.

Roscoe Robert **HARVEY**, Nancy Joyce Harvey and Harvey R & N Trust,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVCD-21-0000066
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:     Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 12, 2023

REVERSED AND RENDERED

In one issue on appeal, Appellant B & V Landscaping argues the trial court erred in

dismissing the underlying cause for want of prosecution because B & V Landscaping (the plaintiff

below) had already nonsuited its claims without prejudice. We reverse.

### BACKGROUND

On March 24, 2021, B & V Landscaping sued Appellees Roscoe Robert Harvey, Nancy

Joyce Harvey, and Harvey R & N Trust (collectively "the Harvey Defendants") for breach of

contract, alleging an unpaid balance of $66,118.68. In response to the lawsuit, the Harvey

Defendants filed a pro se answer. On December 14, 2021, the trial court sent the parties notice of its intent to dismiss the cause for want of prosecution and set a dismissal hearing for April 14, 2022. Less than a month after receiving this notice, B & V Landscaping filed a motion to retain the cause, stating that the cause had been active for less than nine months, and discovery was still necessary. On April 11, 2022, B & V Landscaping filed a notice of nonsuit without prejudice. At the time the nonsuit was filed, the Harvey Defendants had no pending motions or counterclaims. Three days later, on April 14, 2022, the trial court signed an "Order of Dismissal for Want of Prosecution – TRC 165a." On April 26, 2022, B & V Landscaping filed a motion for reconsideration on the basis that it had already filed a notice of nonsuit at the time the trial court dismissed the cause for want of prosecution. B & V Landscaping then appealed.

## DISCUSSION

B & V Landscaping argues the trial court erred in dismissing the underlying cause for want of prosecution because B & V Landscaping had already filed a notice of nonsuit without prejudice. Texas Rule of Civil Procedure 162 allows a plaintiff to dismiss a case, or take a nonsuit, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162. A "plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief." *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (quoting *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990)); *see also Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (same). A "nonsuit extinguishes a case or controversy from the moment [it] is filed." *Morath*, 601 S.W.3d at 787 (quoting *Univ. of Tex. Med. Branch v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006)). "It renders the merits of the nonsuited case moot." *Travelers*, 315 S.W.3d at 862. Accordingly, a "trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain." *Id*.

The record reflects that at the time B & V Landscaping filed its notice of nonsuit without prejudice, no collateral matters were pending. *See id.* at 863 ("After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit, as well as jurisdiction over any remaining counterclaims."). Thus, the trial court had "no discretion to refuse to dismiss the suit." *Estate of Blackmon*, 195 S.W.3d at 100. Here, however, the trial court's order did not merely dismiss the cause; the order dismissed the cause for "want of prosecution" and made findings that B & V Landscaping had "wholly failed to respond to" the court's notice. We therefore conclude that the trial court erred in dismissing the cause for want of prosecution. *See Travelers*, 315 S.W.3d at 862.

## CONCLUSION

The trial court's order dismissing the underlying cause for want of prosecution is reversed, and judgment is rendered granting B & V Landscaping's notice of nonsuit and dismissing the underlying cause without prejudice. *See Galvan v. Unknown Heirs of Longoria*, No. 04-10-00057-CV, 2010 WL 2298904, at *2 (Tex. App.—San Antonio June 9, 2010, no pet.).

Liza A. Rodriguez, Justice