

# IN THE
# TENTH COURT OF APPEALS

————————

## No. 10-23-00361-CV

**TEXAS PARKS & WILDLIFE DEPARTMENT,
JOHN SILOVSKY, AND STATE OF TEXAS,**

**Appellants**

 **v.**

**STEVEN WIESER AND JASON CHANCEY,**

**Appellees**

————————

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2023-2412-3**

## MEMORANDUM OPINION

Appellees Steven Wieser and Jason Chancey have filed an unopposed "Motion to Dismiss Based on Nonsuit."

In the underlying case, Wieser and Chancey filed an original petition and application for ex parte temporary restraining order and temporary injunction against Appellants Texas Parks & Wildlife Department, John Silovsky, and the State of Texas

(collectively, TPWD). The trial court signed an order granting Wieser's and Chancey's application for a temporary restraining order.

TPWD thereafter filed a general denial of Wieser's and Chancey's allegations and a plea to the jurisdiction. TPWD did not request any counter-relief from Wieser or Chancey. Following a hearing, the trial court denied TPWD's plea to the jurisdiction.

TPWD subsequently filed this interlocutory appeal. We granted Wieser's and Chancey's emergency motion for temporary relief and extended the trial court's temporary restraining order until further order of this Court.

Wieser and Chancey explain in their motion to dismiss that this appeal is now moot because they filed a notice of nonsuit in the trial court on March 11, 2024. "Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

A nonsuit is effective when filed. *Bush v. Hines*, 594 S.W.3d 713, 714 (Tex. App.—Waco 2019, no pet.) (citing *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)). Accordingly, when a plaintiff nonsuits his claims against a defendant who has no pending claims for affirmative relief, there is no longer a case or controversy between the parties. *See Estate of Blackmon*, 195 S.W.3d at 100; *see also Hirner v. Doe*, No. 12-08-00046-CV, 2009 WL 1871794, at *1 (Tex. App.—Tyler June 30, 2009, no pet.) (mem. op.). We therefore conclude that there is no longer a case or

controversy between Wieser and Chancey and TPWD. Accordingly, we lack subject matter jurisdiction to consider this appeal. *See Gomez*, 891 S.W.2d at 245.

We lift our November 14, 2023 order extending the trial court's temporary restraining order. Wieser's and Chancey's "Motion to Dismiss Based on Nonsuit," filed on March 11, 2024, is granted, and this appeal is dismissed for want of jurisdiction.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Dismissed
Opinion delivered and filed March 28, 2024
[CV06]

