

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00520-CV

Ramiro **ALCAZAR**,
Appellant

v.

**STARR COUNTY APPRAISAL DISTRICT**, Starr County Appraisal Board, Rosalva Guerra,
in her official capacity as Starr County Chief Appraiser, and Abraham G. Gonzalez, III, in his
official capacity as Chairman of the Starr County Appraisal Board,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-20-307
Honorable Jose Luis Garza, Judge Presiding

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
    Irene Rios, Justice
    Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2024

AFFIRMED

Appellant Ramiro Alcazar, proceeding *pro se*, appeals from the trial court's entry of

nonsuit. We affirm.

### BACKGROUND

Alcazar filed an original petition against appellee the Starr County Appraisal Board for

judicial review of his tax-valuation protest. *See* TEX. PROP. CODE ANN. §§ 42.21–.30. He

subsequently amended his petition to add as defendants appellees the Starr County Appraisal

District, Rosalva Guerra, in her official capacity as Starr County Chief Appraiser, and Abraham G. Gonzalez, III, in his official capacity as Chairman of the Starr County Appraisal Board. Appellees answered and filed a motion to dismiss for want of jurisdiction. The motion was set for a hearing on October 26, 2022. At the hearing, the following exchange took place:

> [APPELLEES' COUNSEL]: I've been speaking to Mr. Alcazar. I believe he had an announcement on this case.
>
> THE COURT: What's that, sir?
>
> MR. ALCAZAR: We would like to withdraw the case at this time, Judge.
>
> THE COURT: You are nonsuiting, sir?
>
> MR. ALCAZAR: We are nonsuiting, Judge.
>
> THE COURT: Okay.
>
> [APPELLEES' COUNSEL]: We have no objection, Your Honor. Obviously that was the whole goal in our case.
>
> THE COURT: Okay. Is that it, gentlemen?
>
> [APPELLEES' COUNSEL]: That's it.
>
> MR. ALCAZAR: That's it.
>
> THE COURT: All right. Thank you very much. We're done. A nonsuit is effective when announced. It doesn't necessarily have to be in writing.
>
> MR. ALCAZAR: I tried to do it in writing. Since I practice — I couldn't get the OCR.
>
> THE COURT: Unless the rules changed in the last thirty years.
>
> MR. ALCAZAR: I was here already.
>
> THE COURT: I appreciate that.
>
> [APPELLEES' COUNSEL]: I will prepare an order and circulate it just to have it on the record
>
> THE COURT: That's fine. Thank you all.

MR. ALCAZAR:        Thank you, Judge.

On April 18, 2023, the trial court signed an "Order of Nonsuit," which states:

> ON THIS DAY, came to be considered Plaintiff[']s Oral Notice of Nonsuit made in open court.  The Court, having considered the filings and pleadings in this case, is of the opinion that said Notice should be GRANTED.
>
> This matter is hereby dismissed with prejudice.

Alcazar timely appeals from this order, asserting in a single issue that the trial court erred by entering its order and dismissing his lawsuit because "[appellees'] Attorney filed such non-suit Motion without notice to [Alcazar]."[1]

### DISCUSSION

The appellate record does not include any motion filed by appellees to memorialize Alcazar's oral notice of nonsuit.  Therefore, it is doubtful Alcazar has provided us with a record that could support his issue.  *Cf. Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *We Deliver, Inc. v. Calderon*, No. 04-19-00132-CV, 2020 WL 4218691, at *4 (Tex. App.—San Antonio July 22, 2020, pet. denied) (mem. op).  Even assuming appellees' attorney filed a request for the trial court to memorialize the nonsuit — perhaps a draft order, as counsel indicated he would prepare — Alcazar's issue is nevertheless meritless.

Texas Rule of Civil Procedure 162 governs the entry of nonsuits, stating: "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes."  TEX. R. CIV. P. 162. A nonsuit can be filed, or it can be "an oral motion . . . made in open court."  *Univ. of Tex. Med.*

---

[1] Alcazar's deadline to file an appeal ran from the date the Order of Nonsuit was signed.  *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam) ("Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal.").

*Branch at Galveston v. Estate of Blackman*, 195 S.W.3d 98, 100 (Tex. 2006). Unless collateral matters remain, a "nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court." *Id.*; *see also Morris v. Daniel*, 615 S.W.3d 571, 574 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (recognizing statutory stay may also preclude nonsuit).

Alcazar states in his brief that he never sought a nonsuit; however, his contention is belied by the record. The hearing transcript shows that Alcazar made an oral pronouncement of nonsuit: "We [*sic*] are nonsuiting, Judge." At that moment, Alcazar's case was "extinguished," and the merits of his claim rendered moot. *See Estate of Blackman*, 195 S.W.3d at 100–01.[2] Alcazar asserts in his brief: "Plaintiff[']s position changed and [he] never was afforded such Due Process Court Voice [*sic*]." However, he gives no authority following this assertion and does not explain his contention further. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). More generally, Alcazar has provided no authority to suggest that he could rescind his oral pronouncement of nonsuit or to suggest that a request by appellees to memorialize his oral notice through a written order could affect his nonsuit. Consequently, we overrule Alcazar's sole issue. *See Estate of Blackman*, 195 S.W.3d at 100–01; *see also* TEX. R. APP. P. 38.1(i).

## CONCLUSION

We affirm the trial court's Order of Nonsuit.

Rebeca C. Martinez, Chief Justice

---

[2] Neither Alcazar nor appellees assert that any collateral matter could have allowed the trial court to refuse dismissal.