

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00547-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Fatima **GUERRERO**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-20432
Honorable Angelica Jimenez, Judge Presiding

PER CURIAM

Sitting: Beth Watkins, Justice
    Liza A. Rodriguez, Justice
    Lori I. Valenzuela, Justice

Delivered and Filed: October 23, 2024

DISMISSED FOR WANT OF JURISDICTION

This is an interlocutory appeal challenging the trial court's denial of the City of San Antonio's motion for summary judgment on immunity grounds. We dismiss the appeal for want of jurisdiction.

Appellee Fatima Guerrero sued both the City and a private individual, Pamela Tschirhart,[1] alleging the City's and Tschirhart's negligence caused injuries to Guerrero. The City filed a motion for summary judgment, arguing the trial court lacked subject-matter jurisdiction over Guerrero's claims against it. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). The trial court denied the City's jurisdictional plea, and the City timely filed this interlocutory appeal. The filing of the City's notice of appeal automatically stayed all proceedings in the trial court pending the resolution of this appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b).

The City filed its brief in this appeal on September 9, 2024. On September 13, 2024, Guerrero filed a notice of non-suit in the trial court. *See* TEX. R. CIV. P. 162. Guerrero's notice non-suited the City "from this Action with Prejudice as to the rights of [Guerrero] to reinstate or litigate against the [City] . . . as to any of the claims, demands, or causes of action asserted, or which could have been asserted, in the lawsuit encompassed by the above-entitled and numbered cause of action." Guerrero did not non-suit her claims against Tschirhart. The trial court signed an order granting the non-suit and ordering that Guerrero's claims against the City "are hereby NON-SUITED WITH PREJUDICE."

Guerrero subsequently filed a motion to dismiss this appeal, arguing that her non-suit rendered the appeal moot. The City filed a response opposing the motion to dismiss, arguing: (1) Guerrero's non-suit is voidable because it was entered while proceedings in the trial court were stayed; and (2) this appeal is not moot because Guerrero's non-suit did not sever the claims against the City from the claims against Tschirhart and, as a result, did not result in "a final dispositive judgment as to the City." The City contends Guerrero's non-suit therefore did not give the City all the relief it would obtain if it were successful in this appeal.

---

[1] Tschirhart is not a party to this appeal.

We disagree on both points. It is well-established that a "plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (per curiam) (internal quotation marks omitted, emphasis in original). "When a plaintiff is entitled to a non-suit, the trial court's dismissal order is ministerial." *Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010). Applying these principles, the Texas Supreme Court recently rejected a government official's claim that a non-suit taken during a section 51.014 appellate stay was ineffective. *See Morath*, 601 S.W.3d at 787–88. The *Morath* court unequivocally held that "a plaintiff's right to abandon its claims does not disappear when trial court proceedings are stayed pending interlocutory appeal." *Id.*

It is true, as the City notes here, that the notice of non-suit in *Morath* was filed directly in the supreme court rather than the trial court. *Id.* at 787. However, the supreme court appeared to indicate that it would reach the same conclusion under these circumstances:

> The State argues that the automatic stay of trial court proceedings precludes a Rule 162 non-suit filed in the trial court. Because we accept the plaintiff's non-suit filed directly in this Court, we need not consider whether a non-suit could be filed in the trial court during a section 51.014 stay. We note, however, that neither a statutory stay of trial court proceedings nor any other statute could vest this Court or any other with authority to decide moot cases in violation of the constitutional limitations on our jurisdiction. However it is achieved procedurally, the plaintiffs' total abandonment of their claims for relief "extinguishes" jurisdiction. . . . We are obligated to consider our jurisdiction at all times, and we will not ignore the obvious cessation of it merely because the rules of appellate procedure do not explicitly designate a procedural mechanism for non-suits during interlocutory appeals.

*Id.* at 788–89. We conclude that *Morath* requires us to reject the City's argument that Guerrero's non-suit was voidable or otherwise ineffective.

We also conclude that Guerrero's non-suit of her claims against the City mooted this appeal. As the *Morath* court noted, "[T]he non-suit is not merely the end of the case. It is the end of the Court's power to decide the case, assuming there are no claims for relief against the non-

suiting party." *Id.* at 788. Here, while the City argues that the non-suit did not grant it "the relief it would obtain were it to be successful on appeal," neither the City's response to Guerrero's motion to dismiss nor its answer below asserted any affirmative claims for relief against Guerrero.[2] *See Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) ("A claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action."). Additionally, as noted above, Guerrero's notice of non-suit expressly abandoned both her claims against the City and her right to refile those claims, and the trial court granted the non-suit with prejudice. Because Guerrero abandoned her claims against the City and the City has not asserted any affirmative claims for relief, the non-suit left no case or controversy remaining for this court to decide. *See Morath*, 601 S.W.3d at 788; *Klein*, 315 S.W.3d at 3–4.

For these reasons, we conclude Guerrero's non-suit extinguished our power to decide this appeal. *See Morath*, 601 S.W.3d at 788. We therefore have no choice but to dismiss the appeal for want of jurisdiction. *See id.*

PER CURIAM

---

[2] The City's live answer requested an award of court costs, and Texas Rule of Civil Procedure 162 provides that a dismissal pursuant to a non-suit "shall have no effect on" a request for costs. TEX. R. CIV. P. 162. However, the Texas Supreme Court has held, "Although [Rule 162] permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot." *Blackmon*, 195 S.W.3d at 101.