**Opinion filed September 25, 2025**



In The

# Elebenth Court of Appeals

————————

## No. 11-25-00233-CV

————————

## KEVIN LAWRENCE PAINTER SR., Appellant NOA
## V.
## TAMMY RENEE PAINTER, Appellee

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-25-06-0734-FM**

**M E M O R A N D U M   O P I N I O N**

On August 14, 2025, Appellant filed a pro se notice of appeal from the trial court's "Order Denying Remote Accommodations." In this regard, on July 29, the trial court signed an order vacating and setting aside its previous order setting a hearing by zoom on pending motions in the case. Appellant has since filed a "Notice of Nonsuit" in the trial court, requesting that the trial court dismiss "all claims and causes of action asserted by him in this proceeding" and deeming his pending

motions withdrawn. The trial court granted Appellant's nonsuit and dismissed the case on September 4. We dismiss this appeal.

When this appeal was initially docketed and prior to his notice of nonsuit, the clerk of this court wrote Appellant and informed him that it did not appear that the order from which he was attempting to appeal—the trial court's order vacating its previous order setting a hearing—was a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal, and we informed Appellant that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3. Appellant did not file a response.

When the trial court signed its order dismissing the case, we informed the parties that the nonsuit and dismissal could affect our jurisdiction. We requested responses from pro se Appellant and Appellee's counsel, informing both parties that the appeal may be dismissed if Appellant fails to show meritorious grounds for continuing the appeal or if it appears that we lack jurisdiction over the appeal. *See id.* Neither party filed a response.

A plaintiff's nonsuit "'moots his case' by 'extinguish[ing] a case or controversy.'" *Morath v. Lewis*, 601 S.W.3d 785, 788 (Tex. 2020) (quoting *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010)). "[T]he non-suit is not merely the end of the case. It is the end of the Court's power to decide the case, assuming there are no claims for relief against the non-suiting party." *Id.* We lack jurisdiction to decide a moot controversy. *Id.* at 788–89.

In this case, it does not appear that other claims for relief have been asserted against Appellant as the nonsuiting party, which we have attempted to verify by requesting responses from both parties. As a result, Appellant's notice of nonsuit rendered the controversy moot, and we lack jurisdiction to entertain this appeal. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006). Moreover, Appellant has failed to respond to the

2

directives of this court requesting responses to the above issues, and he has otherwise failed to indicate that he wishes to prosecute the appeal he filed in this court. *See* TEX. R. APP. P. 42.3.

Accordingly, we dismiss this appeal for want of jurisdiction, for want of prosecution, and for failure of Appellant to comply with this court's directives. *See id.*

W. BRUCE WILLIAMS
JUSTICE

September 25, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.