**Opinion issued October 16, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00581-CV**

———————————

**HARRIS COUNTY, Appellant**

**V.**

**DARYL EDWARDS, JR., AALIYAH CAPUCHINO, DARIANE
CHATMAN, LINDSAY LOCKE, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF JAELYN CHAPMAN, AND
CHARLES CHAPMAN, INDIVIDUALLY AND AS ADMINISTRATOR OF
THE ESTATE OF JAELYN CHAPMAN, Appellees**

———————————

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2021-21971**

———————————

**MEMORANDUM OPINION**

Appellant, Harris County, filed a notice of appeal from the trial court's July

26, 2025 interlocutory order denying Harris County's plea to the jurisdiction. *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). On September 26, 2025, appellees, Lindsay Locke, individually and as Administrator of the Estate of Jaelyn Chapman, and Charles Chapman, individually and as Administrator of the Estate of Jaelyn Chapman, filed a "Motion to Dismiss Appeal for Lack of Jurisdiction & Filing of Notice of Nonsuit." In the motion, appellees noted that in the time since Harris County filed its notice of appeal, all parties which had claims against Harris County "non-suited their claims."

Appellees argue that the "appeal is, thus, moot." *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (where plaintiff "filed [a] nonsuit while this matter was pending on interlocutory appeal from [appellant's] pretrial plea to the jurisdiction," Texas Supreme Court "conclude[d] that the nonsuit deprived the court of appeals of jurisdiction"). Appellees therefore requested that the Court dismiss the appeal for lack of jurisdiction. Appellees further requested that each party bear its own costs. *See* TEX. R. APP. P. 42.1(d).

On September 30, 2025, Harris County filed a response to appellees' motion to dismiss. In its response, Harris County noted that on September 25, 2025, "the trial court signed an order dismissing the underlying case as to Harris County." Based on this dismissal as well as "the representations made by [a]ppellees in the

2

court below," Harris County stated that it "d[id] not oppose" the motion to dismiss the appeal.

No other party has filed a notice of appeal, and no opinion has issued. *See* TEX. R. APP. P. 42.1(c). Accordingly, the Court grants appellees' motion and dismisses the appeal as moot. *See* TEX. R. APP. P. 43.2(f). We further direct the Clerk of this Court that costs are to be taxed against the party incurring the same. *See* TEX. R. APP. P. 42.1(d). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.