Opinion issued March 19, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00849-CV

————————————

**HUI XI, Appellant**

**V.**

**SONGPING LU, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1256916**

---

## MEMORANDUM OPINION

Appellee Songping Lu sued appellant Hui Xi in the justice court seeking eviction. The justice court granted judgment for appellee. Appellant sought de novo review in the county court.

On September 18, 2025, appellee non-suited the eviction case. The county court signed the non-suit the same day, dismissing appellee's claim.

Appellant noticed this appeal on October 10, 2025.

Generally, a trial court's granting of a non-suit moots the dispute and denies this Court jurisdiction unless other claims for relief remain pending. *See Univ. of Texas Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

While appellant's answer and supplemental answer appear to contain some affirmative requests for relief,[1] counterclaims are not permitted in cases of eviction and must be brought in a separate lawsuit. *See, e.g.*, *Berry v. Brickell*, No. 03-23-00756-CV, 2025 WL 2773173, at *2 (Tex. App.—Austin Sept. 30, 2025, no pet.) (citing TEX. R. CIV . P. 510.3(e)). So, non-suiting the forcible detainer claim mooted the entire controversy. *See Morath v. Lewis*, 601 S.W.3d 785, 788 (Tex. 2020) (internal citation omitted) ("Because the appellee's non-suit moots his case by extinguishing a case or controversy, the non-suit is not merely the end of the case. It is the end of the Court's power to decide the case, assuming there are no claims for relief against the non-suiting party.") We notified appellant that the

---

[1] Appellant filed an answer and supplemental answer requesting suspension of rent payments, damages for breach of the lease, a temporary occupation fee, temporary housing transitional costs, transportation costs, litigation-related fees, and emotional distress damages.

appeal was subject to dismissal, but appellant failed to provide an adequate response.

Accordingly, we dismiss the appeal for lack of jurisdiction and dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.