COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CITY OF EL PASO, | § | No. 08-23-00174-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number 3 |
| ALBERT LOPEZ and LEXBY LOPEZ, | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2017DCV0065) |

## **MEMORANDUM OPINION**

The City of El Paso brings this interlocutory appeal following the trial court's denial of its second plea to the jurisdiction.[1] In the court below, Appellees Albert and Lexby Lopez filed a wrongful death suit against the City asserting two causes action, one for premises liability under the Texas Tort Claims Act (TTCA) and the other for deprivation of constitutional rights.[2] As to the tort claim only, the City filed a plea to the jurisdiction in which it alleged it remained immune

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (permitting an interlocutory appeal from a denial of a plea to the jurisdiction brought by a governmental unit as defined by § 101.001); *see id.* § 101.001 (3)(B) (defining the term "governmental unit" to include a city).

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.001-.109 (TTCA); *see also* 42 U.S.C. § 1983 (permitting a civil action for deprivation of rights).

from suit based on the Act's exemption from liability for actions and omissions occurring before and after January 1, 1970, or the effective date of the Act. [3] After a hearing, the trial court denied the City's plea to the jurisdiction by written order. Filing a notice of appeal with this Court, the City challenged the trial court's denial of its jurisdictional plea. While the appeal remained pending, Appellees next filed in the trial court a nonsuit of their tort claim. Thereafter, Appellees filed a motion to dismiss the City's appeal based on its nonsuit of the only claim that is the basis of the appeal. Because we conclude the nonsuit was effective when filed and it renders the appeal moot, we dismiss the appeal for want of jurisdiction without otherwise reaching the merits.

## BACKGROUND

On January 9, 2017, Appellees filed their wrongful death suit against the City and several other parties.[4] Their petition alleged their son, Albert Adam Lopez, sustained fatal injuries, on June 14, 2015, when his motorcycle collided into a concrete barrier on San Antonio Avenue in El Paso. Appellees alleged the collision occurred because the street he drove on "went suddenly and without notice from a smooth asphalt street into a rough un-surface[d] street which caused [Appellees'] son to lose control of his motorcycle and collide into the concrete barrier." As further alleged, the impact with the barrier ejected their son from his motorcycle causing him to eventually fall into a nearby water canal adjacent to a property owned and maintained by the Union Pacific Railroad.

---

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.061.

[4] After the City designated three responsible third parties, Union Pacific, El Paso County Water District No. 1, and Mid-West Textile, Co., Appellees amended their petition to add these named parties as defendants. Appellees subsequently nonsuited their claims against the additionally named defendants.

In their suit, Appellees asserted a premises liability claim under the TTCA, alleging the City negligently created hazardous conditions, and failed to warn and ameliorate those conditions when constructing a road within the city. Additionally, Appellees brought a claim under 42 U.S.C. § 1983, asserting the City deprived their son of his constitutional rights by creating a dead-end road and failing to add safety measures.

The City filed its first plea to the jurisdiction asserting Appellees failed to provide notice of their TTCA claim as required to invoke the trial court's jurisdiction based on a waiver of immunity; and failing to adequately plead a claim of special defect. The trial court denied the plea and the City appealed to this Court. We affirmed the denial holding the City had actual notice under § 101.101(c) of the TTCA and, as well, that the undisputed jurisdictional evidence sufficiently established the existence of a special defect such as to invoke the immunity waiver. *City of El Paso v. Lopez*, 594 S.W.3d 715, 721, 722 (Tex. App.—El Paso 2019, no pet.).

On July 8, 2022, the trial court set a trial date of January 30, 2023, based on an agreed scheduling order. The City filed another plea to the jurisdiction on January 5, 2023. This time the City contended it was exempt from liability pursuant to § 101.061 of the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN § 101.061. The City argued the Act barred premises liability claims that are based solely upon acts or omissions occurring before its effective date of January 1, 1970. Specifically, it urged that Appellees had based their claim on allegations of negligent conduct related to the design and construction of a road completed prior to January 1, 1970, or in failing to maintain it thereafter. *See id.*; *see also City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex. 1997). Appellees responded in opposition urging the City's plea failed to negate the possibility that the City made improvements to the road after January 1, 1970. After holding a hearing, the trial court again denied the City's plea.

3

Relying on § 51.014(a)(8) of the Texas Civil Practice and Remedies Code, the City then filed this second interlocutory appeal of a denial of its plea to the jurisdiction. In the trial court, Appellees next filed a notice of partial nonsuit pursuant to Rule 162 of the Texas Rules of Civil Procedure. Their notice reflected it only pertained to their TTCA cause of action, but not the cause of action based on 42 U.S.C. § 1983. Attaching a copy of the partial nonsuit, Appellees then filed a motion to dismiss this appeal based on mootness and lack of subject matter jurisdiction. The City responded in opposition to a dismissal of its appeal.

### APPELLEE'S MOTION TO DISMISS THE CITY'S APPEAL

Before reaching the merits of the City's appeal of the trial court's denial of its plea to the jurisdiction, we first consider Appellees' motion to dismiss the appeal. Appellees contend the appeal is moot and this Court lacks subject matter jurisdiction due to their filing of a partial nonsuit in the trial court. The City opposes dismissal of the appeal arguing a live controversy still remains in support of this Court's jurisdiction. It contends it has a legally cognizable interest in the outcome of the appeal, arguing a dismissal will deprive it of its right to immunity from suit, which is the substantive relief it seeks by pursuing this interlocutory appeal.

Rule 162 of the Texas Rules of Civil Procedure provides that, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit. . . ." TEX. R. CIV. P. 162. Moreover, the Supreme Court of Texas has previously held that a nonsuit is effective when filed even when filed during the pendency of an interlocutory appeal. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). Although *Blackmon* is directly on point, we

4

note the case was decided before the interlocutory appeal statute was later amended. [5] *See id.* at 100–01. The version of the statute applicable here, on which the City relies, provides that an interlocutory appeal under subsection (a) stays the commencement of a trial and all other proceedings in the trial court pending resolution of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), (b). To that extent, then, *Blackmon* is not as helpful as it ordinarily would be due to timing distinctions.

More recently, in an appeal of a denial of a defendant's motion to dismiss a lawsuit under the Texas Citizens Participation Act (TCPA), the Supreme Court acknowledged the automatic stay of the interlocutory appeal provision was mandatory and without exception for appeals brought under § 51.014 (a)(5), (7), or (8). *In re Geomet Recycling LLC*, 578 S.W.3d 82, 86–87 (Tex. 2019). Although not directly on point due to a procedural distinction, *Geomet* still merits consideration when an automatic stay applies. Our analysis remains subject to further consideration, however, as additional statutory language excepts the imposition of an automatic stay in an appeal brought pursuant to § 51.014 (a)(8), when a plea to the jurisdiction is filed after a certain date. To trigger the automatic stay, subsection (c) provides that the plea to the jurisdiction on which the appeal is based must have been filed and a hearing requested no later than the date set in a scheduling order, if any, or 180 days after the defendant's original answer or first other responsive pleading. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(c); *see also In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 258 (Tex. App.—San Antonio 2015, orig. proceeding).

---

[5] The version of the statute that first applied the stay to all trial-court proceedings in certain instances did not become effective until September 1, 2003, after appellant filed her notice of appeal in the *Blackmon* case. Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 1.03, 1.05(b), 2003 Tex. Gen. Laws 847, 849–50, 899.

Here, on July 8, 2022, our record shows the trial court signed an "Agreed Discovery Control Plan and Scheduling Order." Pursuant to this order, a jury trial was set for January 30, 2023. Concerning motions, the order provided that all dispositive motions "shall be filed no later than 45 days before trial and a hearing shall be scheduled no later than 20 days before trial[,]" and motions that would dispose of part or all of the case, if granted, "shall be filed no later than March 4, 2022." Relevant to this appeal, the City's plea to the jurisdiction was filed on January 5, 2023, or several months after the deadline for filing dispositive motions had already passed. Accordingly, we conclude the filing of the City's plea to the jurisdiction *after* the deadline set by the agreed scheduling order excepts the triggering of the automatic stay—during the pendency of the appeal—that would otherwise be imposed on all trial court proceedings. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(b) and (c). And because there was no automatic stay in place at the time of the filing of the City's appeal, Appellees' notice of partial nonsuit was effective when filed in the trial court. Moreover, by its scope, the City's appeal challenged the denial of its plea to the jurisdiction asserted against Appellees' TTCA claim only. Because Appellees nonsuited that claim and provided notice to this Court, the nonsuit seemingly rendered the appeal moot unless an exception applies.

An exception to the mootness doctrine exists when a defendant has asserted an independent claim for affirmative relief. *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010) (citing *Gen. Land Off. of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990)); *see also* TEX. R. CIV. P. 162 (stating a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk" and "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of the dismissal"). Here, on the record presented, the City does not show it has a request for affirmative

6

relief still pending. Rather, the City asserts the case is not moot because a controversy continues to exist in that Appellees are "trying to circumvent and find a way around the damages cap [of the TTCA] by attempting to non-suit their premises defect claim, and instead argue that their premises defect claim is somehow a constitutional claim under 42 U.S.C. § 1983." Without expressing an opinion on the merits of the City's circumvention argument, we conclude it has failed to establish it advances a request for affirmative relief or otherwise demonstrates that a live controversy remains with regard to the nonsuited TTCA claim.

For all of the reasons stated, we conclude the current appeal is moot, which deprives this Court of subject matter jurisdiction over the appeal. Accordingly, Appellees' motion to dismiss the City's appeal is granted.

## CONCLUSION

We dismiss the appeal for want of jurisdiction.


GINA M. PALAFOX, Justice

December 28, 2023

Before Alley, C.J., Palafox, and Soto, JJ.

7