In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00168-CV
_____

**DEBORAH SWAN, Appellant**

**V.**

**MITZI DIXON, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 25-04-05120-CV**

## MEMORANDUM OPINION

Pro se Appellant Deborah Swan ("Swan" or "Defendant") appeals the trial court's order granting Appellee Mitzi Dixon's ("Dixon" or "Plaintiff") Notice of Nonsuit without Prejudice. In four issues, Swan argues that the trial court erred by granting Dixon's nonsuit "without first resolving [Swan's] dispositive motions[.]" We affirm.

Background

In April of 2025, Dixon filed an Original Petition and Jury Demand ("Petition") asserting a claim of negligence against Swan. The Petition alleged that, when Dixon was delivering a package to Swan's residence, a "large, vicious dog" came out of the door of the residence and attacked and bit Dixon. Dixon sought damages for physical injuries and mental anguish.

Swan filed Defendant's Motion for Sanctions and Dismissal with Prejudice. Swan alleged that Dixon's claims were false and fraudulent, and that Dixon's claims were groundless and brought in bad faith and to harass Swan. Swan asked the trial court to dismiss Dixon's claims, and she sought sanctions under Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code.

Swan also filed a Motion to Dismiss under Rule 91a of the Texas Rules of Civil Procedure. According to the motion, the injuries Dixon alleged in her Petition are "directly contradicted by evidence," including audio recordings of Dixon's initial report to the Montgomery County Sheriff's Office and "photographic evidence taken after the alleged incident." Swan attached certain exhibits to her motion, including photographs of Dixon allegedly taken after the incident, a photograph of Swan's dog to show its "size and demeanor[]" and to "refut[e] allegations of aggression[,]" and what Swan represented to be a transcript of Dixon's call to 911 in which Dixon

reported she received a single bite. According to Swan, the photographs of Dixon were taken from Dixon's social media post.

Swan then filed what she styled as a Supplemental Motion to Dismiss with Additional Grounds for Dismissal. Therein, Swan argued that the trial court should dismiss Dixon's claims because: Texas law does not impose a general duty to warn invitees or a duty to post warning signs regarding domestic animals that do not have a history of vicious behavior; Dixon's allegations of several bites and punctures are exaggerated misrepresentations; and the Petition fails to provide sufficient factual detail to make the claims plausible.

On April 14, 2025, Swan filed a Notice of Submission stating that the Motion to Dismiss and Supplemental Motion would be heard by submission on May 9, 2025. On April 24, 2025, Dixon filed a Notice of Nonsuit Without Prejudice Pursuant to Rule 162 of the Texas Rules of Civil Procedure with the stated intent that the nonsuit take effect immediately upon filing. Dixon also filed a Response to the Defendant's Rule 91a Motion, arguing that Swan's Motion to Dismiss was mooted by Dixon's nonsuit, and that the nonsuit was filed at least three days before the scheduled hearing, as required by Rule 91a.5.

Swan then filed Defendant's Objection to Plaintiff's Motion to Dismiss Without Prejudice and Objection to Proposed Order and Request for Dismissal With Prejudice. Therein, Swan alleged that Dixon had previously filed an identical cause

3

of action in another court, voluntarily dismissed it, and then refiled it in the current trial court. According to Swan, Dixon's conduct was "a clear attempt to manipulate the judicial process" and if the trial court dismissed the case without prejudice, as Dixon requested, then Dixon would be able to "file this claim a third time." Swan argued that Dixon's nonsuit was filed after Swan filed her "substantive motion for dismissal[,]" and that the trial court retained authority to hear and rule on Swan's motion. Swan asked the trial court to deny Dixon's Motion to Dismiss Without Prejudice, to grant Swan's Motion to Dismiss Under Rule 91a, to dismiss Dixon's claims with prejudice, and to award Swan attorney's fees and costs. Swan also filed a "Notice on May 9, 2025, Submission of Motion for Sanctions."

Dixon then filed a Response to the Defendant's Request for Dismissal with Prejudice and Sanctions Under Rule 91a. Dixon argued that a trial court may not rule on a Rule 91a motion to dismiss where the respondent has nonsuited her claims at least three days before the date of the hearing. And she further argued that, under Rule 91a.7, a trial court may not award sanctions after a nonsuit without prejudice. Dixon asked the trial court to refuse to rule on Swan's Rule 91a motion and to deny her "requests for sanctions" under Rule 91a.7. Dixon also asserted that Swan had not incurred any attorney's fees or costs because Swan was pro se.

Swan filed an "Objection to Plaintiff's Response to Defendant[']s Rule 91a Motion to Dismiss with Prejudice and Request for Sanctions." According to Swan,

4

Rule 91a.7 does not prevent a trial court from awarding sanctions when a nonsuit is "strategically used to evade judicial scrutiny of bad faith pleadings." She further argued that courts retain discretion under Rule 13 and Chapter 10 of the Texas Civil Practice and Remedies Code to impose sanctions for bad faith filings, irrespective of a nonsuit. Swan again presented what she described as "photographic evidence" that Dixon had misrepresented her injury. Swan asked the trial court to dismiss the matter with prejudice and to award her sanctions under Rule 91a.7, Rule 13, and Chapter 10 of the Texas Civil Practice and Remedies Code.

In another response filed by Dixon, Dixon argued that Rule 91a.5 prohibits an award of sanctions after a nonsuit. As to sanctions under Rule 13 or Chapter 10 of the Texas Civil Practice and Remedies Code, Dixon argued that under the trial court's rules, Swan must first schedule an evidentiary hearing and provide ten days' notice, which Swan had not done.

In an additional filing, Swan argued that her motion for sanctions was not "confined" to Rule 91a but rather was "properly grounded" in the trial court's discretionary power under Rule 13 and Chapter 10 of the Texas Civil Practice and Remedies Code to sanction filings made in bad faith or to harass. Swan also argued that under extraordinary circumstances, a trial court may grant relief absent a hearing when there is clear evidence of bad faith.

5

On May 9, 2025, the trial court signed an Order granting Dixon's Notice of Nonsuit without Prejudice and stating that the Order disposed of all claims and parties. Swan then filed a Notice of Appeal.

Issues

On appeal, Swan raises four issues, arguing that the trial court erred by dismissing Dixon's lawsuit without prejudice because the trial court failed to first rule on Swan's pending Rule 91a motion to dismiss. Swan states her issues as follows:

> 1. [] Did the trial court err by failing to rule on Appellant's pending Rule 91a Motion to Dismiss with Prejudice—even though the underlying petition was based on demonstrable fraud and intentional misrepresentation—when a nonsuit was later filed?
>
> 2. [] Did the trial court err in granting Appellee's nonsuit without first resolving dispositive motions properly before it, in violation of Rule 91a.5(c) and controlling Texas Supreme Court authority?
>
> 3. [] Was the trial court's retroactive application of an effective date of April 24, 2025, to the nonsuit an impermissible attempt to moot pending dispositive motions that were scheduled for submission on May 9, 2025?
>
> 4. [] Did the trial court err in accepting a nonsuit that failed to address pending dispositive motions, thereby allowing Appellee to avoid adjudication and violating the procedural mandates of both Texas Rules of Civil Procedure 91a.5(a) and 162?

Applicable Law

Swan was pro se in the trial court, and she is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *Sullivan v. Lemonade Ins. Co.*, No 09-

6

24-00211-CV, 2024 Tex. App. LEXIS 6990, at *8 (Tex. App.—Beaumont Sept. 26, 2024, no pet.) (mem. op.) (citing *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]")). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Id.* (citing *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.* at **8-9; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that, in a civil matter, an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error).

Under Rule 162, a plaintiff may dismiss a case or take a nonsuit at any time before the plaintiff has introduced all her evidence other than rebuttal evidence. *See* Tex. R. Civ. P. 162. A nonsuit extinguishes a case or controversy from the moment

7

the motion is filed (or an oral motion is made in open court), and the only requirement is filing the motion with the clerk of the court. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quotations omitted) (citing *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982)).

A nonsuit has the effect of terminating a case from the moment the motion is filed, but it does not affect the right of an adverse party to be heard on a then-pending claim for affirmative relief. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011); *Bagley v. Christ*, No. 09-24-00124-CV, 2025 Tex. App. LEXIS 3180, at *12 (Tex. App.—Beaumont May 8, 2025, no pet.) (mem. op.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966); *Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997) (per curiam)); *see also* Tex. R. Civ. P. 162. "A claim for affirmative relief is one 'on which the claimant could recover compensation or relief even if the plaintiff abandons his cause of action.'" *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 38 (Tex. 2008) (quoting *Univ. of Tex. Med. Branch at Galveston*, 195 S.W.3d at 101). "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff[']s claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Gen. Land Off. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990).

Under Rule 91a, a plaintiff may avoid a ruling on a Rule 91a motion to dismiss and a related award of costs and attorney fees under Rule 91a.7, by nonsuiting the claims at least three days before the date of the hearing on the dismissal motion. *See* Tex. R. Civ. P. 91a.5(a); *Thuesen v. Amerisure Ins. Co.*, 487 S.W.3d 291, 303 (Tex. App.—Houston [14th Dist.] 2016, no pet.). So, a trial court need not rule on a motion to dismiss filed under Rule 91a if the cause of action has been nonsuited at least three days before the hearing. *See* Tex. R. Civ. P. 91a.5(c).

That said, the Texas Supreme Court has concluded that under Rule 162, a nonsuit "'shall have no effect on any motion for sanctions, attorney's fees or other costs[]'" that are pending at the time of dismissal or filed during the trial court's post-dismissal plenary power. *Univ. of Tex. Med. Branch at Galveston*, 195 S.W.3d at 100-01 (quoting Tex. R. Civ. P. 162); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 595-96 (Tex. 1996) (per curiam). "[T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires." *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997).

As to Swan's motions, Swan filed and reurged her motions in the trial court and she requested a ruling from the trial court on the motions. A party preserves error when it makes a timely complaint in the trial court and the trial court "ruled on the request, objection, or motion, either expressly or implicitly; or [] refused to rule

on the request, objection, or motion, and the complaining party objected to the refusal." *See* Tex. R. App. P. 33.1(a); *see also In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) ("Consistent with Rule 33.1(a)(2)'s language, we have previously recognized that an implicit ruling may be sufficient to present an issue for appellate review."). The clerk's record does not include an explicit ruling by the trial court on Swan's pending motions, however the Order granting Dixon's Notice of Nonsuit without Prejudice states that the nonsuit "disposed of all claims and parties." We read the Order to include an implicit denial of Swan's pending Rule 13 and chapter 10 motions for sanctions. *See In re Z.L.T.*, 124 S.W.3d at 165 (a ruling may be implied if the implication is clear). As explained above, as to Swan's Rule 91a Motion, because the nonsuit was filed at least three days before the hearing on the Rule 91a Motion to Dismiss, the nonsuit effectively avoided the necessity of the trial court ruling on that Motion. Tex. R. Civ. P. 91a.5(a), (c).

We review a trial court's grant or denial of a motion for sanctions under an abuse of discretion standard of review. *See Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). In matters committed to a trial court's discretion, the test is whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any guiding rules or principles. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). "In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record, reviewing the conflicting evidence

10

in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment." *K. Griff Investigations, Inc. v. Cronin*, 633 S.W.3d 81, 96 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Generally, courts presume that pleadings and other papers are filed in good faith. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). The party seeking sanctions bears the burden of overcoming this presumption by supporting her motion with competent proof or evidence. *See Villa*, 299 S.W.3d at 97; *Low*, 221 S.W.3d at 614, 617.

Under Rule 13, the movant must establish that the filing is groundless and either brought in bad faith, brought for the purpose of harassment, or false when made. *See Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362-63 (Tex. 2014). Chapter 10 allows sanctions for pleadings filed with an improper purpose or that lack legal or factual support. *Id.* at 362.

A motion for sanctions must be supported by admissible evidence. *See Villa*, 299 S.W.3d at 98 (trial court abused its discretion by granting sanctions based on a document that was inadmissible hearsay). Section 10.001(3) of the Texas Civil Practice and Remedies Code requires that the allegations or factual contentions in a motion for sanctions must have evidentiary support—or are "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Tex. Civ. Prac. & Rem. Code Ann. § 10.001(3); *Nath*, 446 S.W.3d at

11

362. Rule 13 requires the trial court—before granting the motion and imposing sanctions—to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading. *See* Tex. R. Civ. P. 13; *21st Mortg. Corp. v. Hines*, No. 09-15-00354-CV, 2016 Tex. App. LEXIS 13003, at *9 (Tex. App.—Beaumont Dec. 8, 2016, pet. denied) (mem. op). However, neither Chapter 10 nor Rule 13 requires a trial court to hold an evidentiary hearing before denying sanctions. *See Cronin*, 633 S.W.3d at 96 n.6; *Skinner v. Levine*, No. 04-03-00354-CV, 2005 Tex. App. LEXIS 1771, at *10 (Tex. App.—San Antonio Mar. 9, 2005, no pet.) (mem. op.); *see also Mitchell v. State*, No. 09-20-00230-CV, 2022 Tex. App. LEXIS 4272, at *9 (Tex. App.—Beaumont June 23, 2022, pet. denied) (mem. op.) (Under Rule 13, a trial court "is not required to hold an evidentiary hearing before denying sanctions.") (citing *Skinner*, 2005 Tex. App. LEXIS 1771, at *10; *Breault v. Psarovarkas*, No. 01-01-00122-CV, 2003 Tex. App. LEXIS 2049, at *17 (Tex. App.—Houston [1st Dist.] Feb. 28, 2003, pet. denied) (mem. op.)).

Analysis

We group Swan's issues together because in each issue she challenges the trial court's order granting Dixon's nonsuit and the trial court's refusal to grant Swan's motions for sanctions. She contends the trial court erred by retroactively setting the effective date of Dixon's nonsuit to April 24, 2025, instead of designating the

12

effective date of the dismissal or nonsuit as the same day as the submission date of May 9, 2025. We disagree. As stated above, a nonsuit effectively extinguishes the party's claim from the moment the nonsuit is filed. *See* Tex. R. Civ. P. 162; *Univ. of Tex. Med. Branch at Galveston*, 195 S.W.3d at 100; *Bagley*, 2025 Tex. App. LEXIS 3180, at *12. Dixon filed her Notice of Nonsuit on April 24, 2025, and we find no error by the trial court stating the nonsuit was effective on April 24, 2025.

Swan also argues that the trial court erred in accepting Dixon's nonsuit because the nonsuit "failed to address pending dispositive motions[.]" "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990). The trial court holds the right to sanction under Rule 13 or chapter 10, but sanctions do not implicate a legal right a party asserts or enforces, and here Swan did not add a claim for relief when she requested the trial court sanction Dixon under chapter 10 or Rule 13. *See Thuesen v. Scott*, 667 S.W.3d 467, 474 (Tex. App.—Beaumont 2023, no pet.). Therefore, we find no error by the trial court in accepting Dixon's nonsuit.

That said, although a trial court has no discretion to refuse to sign an order of dismissal once a notice of a nonsuit has been filed, a dismissal under Rule 162 "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at

13

the time of dismissal[.]" *See* Tex. R. Civ. P. 162; *Epps*, 351 S.W.3d at 868; *Bagley*, 2025 Tex. App. LEXIS 3180, at *12.[1]

On April 14, 2025, Swan filed a Notice of Submission, notifying the Court and all parties that her Motion to Dismiss and Supplemental Motion would be heard by submission on May 9, 2025. Then on April 28, 2025, she filed another Notice of Submission asking the trial court to consider her Motion for Sanctions by submission on May 9, 2025. According to Swan's proposed order she filed in the record, she intended to use the items she had attached to the Motion as evidence to support her Motion, and there is nothing in the clerk's record showing she ever requested an evidentiary hearing.

In our reading of the entire record, we find that Swan's Motion for Sanctions (and the various later-filed Supplemental Motions) alleged that the following items would support her Motion for Sanctions: a transcript of Dixon's 911 call to the Montgomery County Sheriff's Office; "[p]hotographic evidence" that Dixon allegedly posted to her social media shortly after the incident; and a photograph of Swan's dog. In her Motion to Dismiss, Swan contends that all of these items "meet[] the requirements for admissibility under the Texas Rules of Evidence[]" and that she

---

[1] The survival of a motion for sanctions after a nonsuit does not apply to a Rule 91a Motion to Dismiss when the nonsuit is filed at least three days before the hearing on a Rule 91a Motion to Dismiss because it is expressly governed by Rule 91a.5(a), (c).

14

was "prepared to testify to the authenticity of the [Facebook] posts." Nothing on the face of the photographs or the alleged transcript proves up the attachments, and none of the attachments have certifications or business record affidavits attached thereto. And the record does not indicate that the parties engaged in any discovery.

On this record, we conclude that the trial court did not err in refusing to rule on the Rule 91a Motion to Dismiss because the nonsuit was filed more than three days before the hearing. Additionally, we conclude the trial court did not err in implicitly denying Swan's Rule 13 and chapter 10 motions for sanctions because the trial court could have reasonably concluded that Swan's motions for sanctions were not supported by admissible evidence which would establish Dixon's suit was groundless and either brought in bad faith, brought for the purpose of harassment, or false when made, or lacked a basis in law or fact. *See, e.g.*, *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, no pet.). Therefore, the trial court could have reasonably concluded that Swan did not meet her burden to prove that Dixon's pleadings were filed in bad faith and for an improper motive, and the trial court did not abuse its discretion when it implicitly denied Swan's Motions for Sanctions. *See Cire*, 134 S.W.3d at 838; *Villa*, 299 S.W.3d at 97; *Low*, 221 S.W.3d at 614, 617. We overrule all of Swan's issues on appeal and we affirm the trial court's Order.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on September 16, 2025
Opinion Delivered September 25, 2025

Before Golemon, C.J., Johnson and Wright, JJ.